## Nixon *against* M'Callmont.

A judgment for $91,500 was amicably revived with an agreement annexed that it was "revived for the sum of $9240, the whole amount for which the same was given having been fully paid and satisfied, except the debt due to the Bank of North America, of which the principal is $4620." *Held*, it was revived as security for the debt due the bank, and that debt was the principal of $4620 and interest due on it at the time of the agreement.

Such agreement is collateral to the judgment and is to be construed as if distinct and separate from it, and parol evidence is admissible to explain its meaning but not to contradict it.

**ERROR** to the District Court for the city and county of *Philadelphia.*

This was a *scire facias* brought by Henry Nixon, who survived John C. Stocker, against George M'Callmont. The plaintiff gave in evidence a warrant of attorney from M'Callmont, dated 12th March 1832, reciting a bond of the same date from the latter to Nixon & Stocker in the sum of $91,500, conditioned for the payment of $45,750 on demand, with interest, on which judgment was entered up on the same day. Also the following declaration of trust executed by Nixon & Stocker the same day, and recorded 9th May 1832:

" Whereas George M'Callmont hath this day executed to us his bond, with warrant to confess judgment, conditioning for the payment of $45,750 on demand, with interest from the date : Now, therefore, we hereby agree and bind ourselves and each of our heirs, executors and administrators, to the said George, his executors, administrators or assigns, to appropriate and apply the money arising from the said bond, as the same may be from time to time received.

First, To the payment of all debts owing by said George, not exceeding $50 each; of which written notice shall be given to us or either of us, on or before the 1st day of April next.

Second, If any surplus should remain, then to the payment of all notes issued, lent or endorsed for the use and accommodation of the said George M'Callmont, by the following persons, or for which they or either of them are or may be liable. That is to say,

| | |
|---|---:|
| By Henry Nixon, | $28,160 |
| By John C. Stocker, | 7,300 |
| By John Hemphill, | 1,650 |
| By Philip A. Ricard, | 4,600 |
| And to the payment of debts due from said George to John M'Callmont, for the wages of him and his wife, amounting, to | 2,816 |
| The second class amounting, in all, to | $44,526 |

And if the money which may be received by us under said bond shall not be sufficient to pay the whole of the debts of the second class, then to distribute and pay the same from time to time, pro rata, on account thereof. And if any surplus should remain, then to pay over the same to the said George, his executors, administrators or assigns: Provided," &c. (proviso as to the responsibility of the parties). "And provided further, that nothing herein contained shall be construed to prevent any proceedings on the said bond, before said note may become payable for the whole amount thereof; it being understood and agreed, at the execution of said bond, that the same may be proceeded upon at our discretion, either for the security of the debts before-mentioned, or for the timely provision of funds for the payment of said debts and notes, or otherwise, as to us should seem requisite, notwithstanding said notes should not be payable according to their tenor."

On the 28th June 1837 the following amicable agreement, signed by M'Callmont and Nixon, was filed:

"Henry Nixon, who survived J. C. Stocker, *vs.* George M'Callmont. Dt. Ct. *Scire facias* to revive judgment. D. S. B. March 12, 1832. For $91,500.

It is hereby agreed that the above judgment shall be, and the same is hereby revived for the sum of $9240, the whole amount for which the same was given having been fully paid and satisfied, except the debt due to the Bank of North America, of which the principal is $4620."

The plaintiffs then offered proof of the amount of interest due to them on their debt at the time of the entry of this last judgment, (28th June 1837). This evidence was objected to by the defendant; and on an intimation from the court that under the pleadings it could not be received in that stage of the cause, was withdrawn for the time.

The defendant then gave in evidence the following receipts endorsed on the agreement for judgment and signed by Nixon:

"Received of George M'Callmont $2620 on account of the debt due as above, November 20, 1838, leaving $2000 yet due."

"Received June 25, 1839, of George M'Callmont $1000 on account of the within bond, leaving a balance due of $1000."

The plaintiffs then, for the purpose of showing the amount of interest due by the defendant at the time of the confession of the judgment of 1837, after reading a notice to the defendant to produce an account dated April 26, 1837 and transmitted to the defendant by the cashier of the Bank of North America, called the cashier to prove he had sent the account to the defendant, a copy of which was produced, and that the defendant had acknowledged the receipt of it. This evidence was objected to by the defendant and overruled by the court, who sealed an exception.

[Nixon v. M'Callmont.]

This account was headed, "Statement of interest on George M'Callmont's notes endorsed by Henry Nixon." It charged the interest and gave credit for the various dividends received, and closed with a balance due of $4620 with interest from the 9th August 1836 (when the last dividend was received) to the 26th April 1837.

The plaintiffs further offered the following letter from M'Callmont to Nixon, dated June 22, 1837: "Dear Sir,—It is my wish to have the bond cancelled which I gave to you and J. C. Stocker in 1832, as trustees, and to give you one for the balance due on the principal, viz. $4620, with stay of execution for six months. In relation to the interest due, I will give you the notes of G. M'Callmont & Co., payable at such periods as we may agree upon—say six, nine and twelve months." This evidence was objected to by the defendant and rejected by the court, and an exception sealed.

The plaintiffs further offered in evidence an account dated 19th February 1840, sent to the defendant by the cashier of the Bank of North America, and produced by the defendant on notice. This account was headed, "George M'Callmont & Henry Nixon, Dr to the Bank of North America for the following notes drawn by George M'Callmont and endorsed by Henry Nixon (and interest thereon)." It commenced in 1832 and ended 31st January 1840, and stated the interest due and dividends received, and closed with a balance of $4101.48 interest and $1000 principal; total $5101.48. The defendant objected to this account, but the court overruled the objection and allowed it to be read to the jury, instructing them at the same time that no part of the account referring to matters antecedent to the entry of the agreement to revive the original judgment on the 28th June 1837, was to be taken or considered by them as in any way whatever affecting such agreement, or the amount of the judgment of revival, or as a guide to them in assessing or ascertaining the sum for which they were to give a verdict in the present case; but that the same was to be understood to be wholly and entirely inoperative. The effect of the entries referring to matters subsequent to the 28th June 1837, was, however, a proper subject for their consideration. The plaintiffs excepted to this instruction.

The plaintiffs then offered in evidence the notes of the defendant, endorsed by Nixon and referred to in the declaration of trust as intended to be secured by the original judgment, but they were severally objected to by the defendant and rejected by the court, who sealed an exception.

The Judge charged the jury as follows:

The judgment is conclusive evidence of the amount which it was taken to secure. If the plaintiff had antecedent rights, which might have been included in the judgment but were not, we cannot notice them in this action. The utmost, then, which the plaintiff could have demanded, if we suppose nothing had been

[Nixon v. M'Callmont.]

paid, would have been $4620, with interest at six per cent. from the time the judgment was confessed to this time; but whatever the defendant has paid upon the judgment since it was given, should be allowed him. The defendant claims to be allowed two sums, viz. $2620, paid on the 20th November 1838—a receipt has been read, showing this payment, concluding with the words, "leaving $2000 yet due;" the other sum is $1000, paid on the 25th January 1839—a receipt has been given in evidence, showing the payment of this sum, concluding with the statement "leaving a balance due of $1000." You will therefore proceed upon these principles. Compute the interest upon the debt mentioned in the judgment, till the time of the first payment, and then deduct from the debt and interest so computed, the first payment of $2620; then compute the interest upon the balance up to the time of the second payment of $1000, and then deduct that; and then proceed to compute the interest upon the balance until the present time.

But an account has been given in evidence, showing, it is said, a balance of $5101.48 due on the 19th February 1840. This account includes matters which transpired between the parties before the date of the judgment in question, as well as two payments since. This paper cannot have the effect of enlarging the judgment. The utmost that the plaintiff can receive under this judgment, is the sum which it was confessed to secure, with lawful interest. If there is any hardship in this rule, we cannot help it. The legal effect of a judgment of a court of record is as well defined as anything else. If the plaintiff was entitled to a sum for interest at the time of the confession of the judgment, which was not included in it, the plaintiff cannot recover it in this action, however just his claim for it may be. The plaintiff cannot get more out of the judgment than is in it. I did not feel at liberty, however, to reject this account when offered in evidence. Had the receipts for the $2620 and the $1000 been so expressed as not to appropriate those sums to the judgment, the account might have been very important evidence upon the question of appropriation. But the receipts appropriate the payments expressly; the first receipt is said to be "on account of the debt due as above," and that receipt is written at the foot of the agreement to confess the judgment. The other receipt purports to be "on account of the within bond," but within is the agreement to confess the judgment. It is not, properly speaking, a bond, but the same, you perceive.

It is contended by the defendant that the utmost which can be recovered is $1000, with interest from the 25th January 1839. The argument is founded on an expression in the receipt of that date, that only $1000 was due. An expression of this kind in a receipt is not absolutely conclusive. The right of the plaintiff was to have interest from the date of the judgment, and the defend-

[Nixon v. M'Callmont.]

ant is bound to show either that the interest is paid, or some agreement between the parties that it should not be demanded. The defendant relies on the expression in the receipt before referred to, in which the balance is stated, and also upon the account which was given in evidence by the plaintiff dated 19th February 1840. But the part of the account relied on refers, as I have said, to matters which transpired before the judgment, and should not be allowed to vary the rights of the parties under it. As to the expression in the receipt touching the amount due, it does not appear to me to be anything more than such a general statement as would be made when a receipt is given without a calculation of interest. But this is a question for you to consider.

The jury retired, and after some time returned into court and requested the Judge to explain that part of his charge which related to interest since the revival of the judgment in 1837.

The Judge further instructed them:

1. That they had no right to take the sum of $9240 as the amount due in 1837 and so settled by the parties; but that they must take the sum of $4620 as the agreed and settled debt then existing, and charge interest on that sum only, unless they could find in the papers in evidence something to induce them to believe that the parties had made a contract to charge no interest.

2. That they were not authorized by any evidence in the cause to go behind the judgment of June 1837 and charge the defendant with interest then due; and that they had no right to take the account of February 19, 1840 as evidence of anything prior to June 28, 1837; and could not infer any agreement or consent on the part of the defendant to allow interest, except on the sum of $4620 from the 28th of June 1840.

The plaintiffs excepted to the charge and assigned errors in the bills of exception and charge of the court.

*Williams*, for the plaintiff in error.
*Markland* (with whom was *Meredith*), contra.

The opinion of the Court was delivered by

Rogers, J.—The fundamental error, which lies at the root of the case, arises from the opinion of the learned Judge, that the judgment of revival of the 28th June 1837 was for the precise sum of $4620, and consequently drawing the necessary conclusion from these premises that nothing could be given in evidence anterior to that time to vary the amount. We, however, conceive it to be a judgment for the sum of $9240 given for a special purpose, viz. as a collateral security for a debt due the Bank of North America, for which the plaintiff had become bound as an endorser for the defendant. The principal of the debt, as appears by the agreement filed of record, was $4620; but from this it does not follow

[Nixon v. M'Callmont.]

that that sum was the amount of the debt. Indeed the very
reverse would seem to be its most natural interpretation. "It is
hereby agreed that the above judgment shall be and the same is
hereby revived for the sum of $9240, the whole amount for which
the same was given having been fully paid and satisfied, *except the
debt due* to the Bank of North America, of which the principal is
$4620." It is given to secure the *debt due the bank;* and what is
the debt but the principal and interest? The principal of the debt
is one thing, the interest is another; the aggregate amount of both
constitutes the debt due. The word "principal" is a designation
or description of the debt intended to be secured by the judgment.
Suppose the parties had used this language; "except a note or
bond due the Bank of North America, of which the principal is
$4620;" would it be seriously contended that the word "princi-
pal" was anything more than the description of the note or bond,
and would it be insisted that the plaintiff would be entitled to a
security for that amount only, although at the time of the agree-
ment several years' interest was due and unpaid? This, I think,
would hardly be alleged, and yet the debt due the bank here arose
from notes on which M'Callmont was the drawer and the plain-
tiff the endorser. It strikes me, therefore, with irresistible force,
that all that was intended was merely to ascertain the amount of
the principal of the debt, leaving the interest and the principle of
the calculation to be afterwards adjusted by the parties, by the
court or a jury. It must be observed that the agreement, although
filed of record, is collateral to the judgment, and does not form
part of it. It must receive the same construction as if entirely
distinct and separate from the judgment. And this view of the
case is put beyond all doubt by the evidence which the court
thought proper to reject. That it was understood that the defend-
ant was to pay the interest as well as the principal, appears from
his letter of the 22d June 1837. It is difficult to believe that Mr
Nixon agreed to terms less favourable to himself than were offered
by the defendant six days before the confession of the judgment.
It may be remarked, that the defendant knew the claim of the
bank to debt and interest, the latter calculated in a manner most
favourable to himself. To give this agreement any other construc-
tion would do great injustice to the plaintiff. He is liable to the
bank for the whole debt and interest, whereas, according to the
opinion of the learned Judge, he can recover from the principal
debtor only the debt without interest. In other words, the princi-
pal debtor is liable for less by the whole amount of the interest
than his endorser. It requires something more unequivocal than
the language used in this agreement to induce me to believe that
the parties intended to produce any such result. From this opin-
ion it follows that the court was wrong in excluding the testimony.
True, you cannot add to, diminish, vary or contradict a written

agreement, but there is nothing to prevent the parties from explaining it. The evidence offered was in explanation, in conservance and support of the agreement, and not in contradiction to it, and for this reason we think it was clearly admissible.

Judgment reversed, and a *venire de novo* awarded.